IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY V. BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2477-K |
| | § | |
| GARLAND POLICE DEPARTMENT, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Garland Police Department and two of its officers, Johnny L. Stevenson and J.G. Reeves, have filed a joint motion for summary judgment in this *pro se* civil rights action. For the reasons stated herein, the motion should be granted.

I.

On or about December 20, 2003, Stevenson and Reeves were dispatched to a domestic disturbance call at 610 East Celeste Drive in Garland, Texas. (Def. MSJ App. at 2, ¶ 3). Upon his arrival, Stevenson encountered a woman standing outside the residence. The woman said that she had been physically assaulted by Plaintiff Larry Brown, who had a shotgun and threatened to kill her. (*Id.* at 2, ¶¶ 4-5). Stevenson peered through a window and saw plaintiff standing in a room holding a shotgun. (*Id.* at 2, ¶ 6). As the two officers approached the residence, they saw plaintiff enter another room holding a small child with his right arm. (*Id.* at 3, ¶ 8). Stevenson pointed his gun at plaintiff and ordered him to open the front door. (*Id.* at 3, ¶ 9). When plaintiff failed to comply with this instruction, Reeves kicked open the door and the officers entered the house. (*Id.* at 3, ¶ 11). Stevenson then ordered plaintiff to release the child, who now was being held by the throat. (*Id.* at

3, ¶ 12). Concerned that plaintiff may have a concealed weapon and might harm the child, the officers used physical force to free the child and secure plaintiff. (*Id.*). Once the child was freed, plaintiff became more combative and physically violent towards the officers. (*Id.* at 3, ¶ 13). Stevenson and Reeves repeatedly told plaintiff to stop resisting and to give the officers his hands. Plaintiff refused. Eventually, the officers were able to subdue plaintiff by using a variety of techniques, including joint locks and hand strikes. (*Id.* at 3-4, ¶ 13-15).[1] Plaintiff was arrested and charged with aggravated assault, child endangerment, and resisting arrest. (*Id.* at 4, ¶ 17). A search of the residence uncovered a loaded shotgun hidden under a blanket in a crib located in the rear bedroom. (*Id.* at 4, ¶ 16).

Plaintiff now sues the officers and the Garland Police Department for use of excessive force under 42 U.S.C. § 1983. Defendants move for summary judgment on a variety of grounds, including that the police department is not a separate legal entity subject to suit and that the individual officers are entitled to qualified immunity.[2] The issues have been fully briefed by the parties and the motion is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*,

---

[1] The officers also tried to utilize pepper spray to gain control over plaintiff, but the pepper spray malfunctioned and would not dispense any chemical agent. (Def. MSJ App. at 4, ¶ 14).

[2] Defendants also argue that plaintiff's civil rights claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a person may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2371. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* Although *Heck* would bar plaintiff's excessive force claim had he been convicted of resisting arrest or assaulting a peace officer, *see Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999), no such conviction exists here. Rather, the resisting arrest charge was dismissed by the state court after it was considered as an unadjudicated offense in assessing punishment in the aggravated assault case. (*See* Def. MSJ App. at 10, 12).

477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[3] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements, hearsay, and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

A.

Defendants first contend that the Garland Police Department lacks the capacity to be sued. Federal courts in Texas have uniformly held that entities without a separate jural existence, such as municipal police departments, are not subject to suit. *See, e.g. Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991); *Johnson v. Dallas City Police Dept.*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005);

---

[3] Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e).

*Jacobs v. Port Neches Police Dept.*, 915 F.Supp. 842, 844 (E.D. Tex. 1996).  Plaintiff has the burden of showing that the Garland Police Department has the capacity to be sued.  However, plaintiff fails to allege or otherwise demonstrate that this defendant is a separate legal entity having jural authority.  Consequently, summary judgment is proper as to the Garland Police Department.

B.

Defendants further contend that Stevenson and Reeves are entitled to qualified immunity. Police officers are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).  The threshold issue in any qualified immunity analysis is whether the plaintiff has alleged the violation of a clearly established constitutional right.  *See Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998).  Here, plaintiff alleges that Stevenson and Reeves violated his right to be free from the use of excessive force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.  In order to establish a constitutional violation, plaintiff must show that:  (1) he suffered a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need for force; and (3) the force used was objectively unreasonable.  *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).  The court must view the totality of the circumstances from the standpoint of a reasonable officer on the scene, paying particular attention to "whether the suspect pose[d] an immediate threat to the safety of the officers or others."  *Stroik v. Ponseti*, 35 F.3d 155, 157-58 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1692 (1995).

Defendants do not dispute that plaintiff suffered a significant injury resulting directly and only from the use of force.  Instead, they argue that the use of force was not clearly excessive to the

need for force or objectively unreasonable under the totality of the circumstances. In his sworn declaration, Stevenson states that force was used against plaintiff only after he ignored instructions to release the child he was holding by the throat. (Def. MSJ App. at 3, ¶ 12). Because a witness had reported that plaintiff threatened to shoot her with a shotgun and Stevenson had observed plaintiff with a gun, the officers had reason to believe that plaintiff posed an imminent danger to them and to the child. (*Id.* at 2-3, ¶¶ 5-11). Plaintiff also physically resisted the officers when they tried to subdue him. (*Id.* at 3, ¶ 13). The force used against plaintiff consisted of muscling techniques, joint locks, and hand strikes. (*Id.* at 4, ¶ 15). None of this evidence is controverted by plaintiff. In fact, plaintiff has admitted that he intentionally prevented and obstructed Reeves from effecting his arrest by striking the officer in the torso and grabbing his leg. (*See id.* at 10). On similar facts, federal courts have held that a police officer was justified in using physical force against a suspect. *See, e.g. Mahan v. City of Lubbock*, 178 Fed.Appx. 377, 378, 2006 WL 1209373 at *1 (5th Cir. Apr. 28, 2006), *petition for cert. filed* (Jul 21, 2006) (No. 06-5591) (use of force against suspect holding Bowie knife was objectively reasonable); *Wagner v. Bay City*, 227 F.3d 316, 323-24 (5th Cir. 2000) (officers justified in using physical force to subdue combative suspect); *see also Goodrich v. Everett*, No. 05-6091, 2006 WL 2457086 at *5-6 (6th Cir. Aug. 24, 2006) (officers justified in tackling, kneeing, and using other types of physical force against domestic violence suspect who resisted arrest); *Wilson v. Flynn*, 429 F.3d 465, 468 (4th Cir. 2005) (affirming summary judgment in favor of police officers who punched combative suspect in the face and sprayed him with mace after his wife reported he was drunk and had a gun).

   Even when viewed in the light most favorable to plaintiff, the summary judgment evidence fails to establish a genuine issue of material fact for trial. The court determines that Stevenson and Reeves were justified in using force against plaintiff to effect his arrest and to secure the release of the child. Such force was not clearly excessive to the need for force or objectively unreasonable

under the circumstances. Therefore, Stevenson and Reeves are entitled to judgment as a matter of law.

## **RECOMMENDATION**

Defendants' joint motion for summary judgment [Doc. #33] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 16, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE